UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                          Plaintiff,

      v.                             **DECISION AND ORDER**
                                          08-CR–214-A

MONTU LIGHTEN and
AMANDA GOSS,

                          Defendants.

Defendants Montu Lighten and Amanda Goss are charged in a three-count Superseding Indictment with cocaine-trafficking in violation of 21 U.S.C. §§ 841(a)(1) and 846. The case was referred to Magistrate Judge Hugh B. Scott for pretrial proceedings. It is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) for *de novo* review of portions of a Report and Recommendation denying defendant Lighten's and defendant Goss' joint motion to dismiss an Indictment that preceded the Superseding Indictment on the ground that false testimony was presented to the Grand Jury that returned the Indictment. For the reasons that are stated below, the Court adopts the recommendation in Judge Scott's Report and Recommendation, denies defendants' objections, and denies defendants' joint motion to dismiss the Indictment.

**BACKGROUND**

Defendants Lighten and Goss contend that a law enforcement agent testified falsely before the Grand Jury that returned the initial four-count Indictment against them. The defendants' contentions, based upon information they gathered in discovery pursuant to Fed. R. Crim. P. 16 and in connection with a suppression hearing, is that Special Agent Joseph Bongiovanni of the U.S. Drug Enforcement Administration testified falsely before the Grand Jury that returned the Indictment about the weight of cocaine base involved in their alleged offenses. The false testimony about the weight of the cocaine base — that it was "over five grams of crack cocaine" — supported three counts in the Indictment with more severe statutory penalties than were consistent with the actual weight of the cocaine base, including five-year mandatory-minimum terms of imprisonment.

Defendants Lighten and Goss raise other discrepancies in Special Agent Bongiovanni's Grand Jury testimony by comparing his Grand Jury testimony to portions of his testimony and that of others during a later suppression hearing in this case. Specifically, the defendants contend that the agent testified falsely in the Grand Jury that certain oral admissions were made by defendant Lighten shortly after the defendant Lighten's arrest and about the circumstances of a seizure of cocaine from defendant Goss.

2

The facts pertaining to the offenses alleged in the Indictment and the Superseding Indictment seem simple. Nevertheless, defendant Lighten and defendant Goss do not contend that Special Agent Bongiovanni's false testimony was knowing and intentional. For example, even though Special Agent Bongiovanni testified in the Grand Jury about a forensic laboratory report that stated the correct net weight of the cocaine base involved in the defendants' offenses — and still got the net weight wrong — the defendants do not contend his testimony about the net weight of the cocaine base was knowingly and intentionally false. They also do not contend that the Assistant U.S. Attorney who appeared in the Grand Jury when Special Agent Bongiovanni testified about the forensic laboratory report intended or even recognized that testimony inconsistent with the forensic laboratory report upon which it purported to be based was being presented to the Grand Jury. The defendants do argue that the instances of false testimony of Special Agent Bongiovanni in the Grand Jury were so pervasive and so irresponsible that they justify dismissal of the Indictment.

After defendant Lighten's and defendant Goss' joint motion to dismiss the Indictment was filed, the United States presented the matter to the Grand Jury again and a Superceding Indictment was returned that did not reference the weight of the cocaine base to trigger the more severe statutory penalties

3

that were alleged in the Indictment. One count of the Indictment was abandoned in the Superseding Indictment and statutory penalties for two other counts were lesser penalties than were alleged for corresponding counts that had been alleged in the Indictment.

The United States contends the Superseding Indictment is untainted by any false testimony about the weight of the cocaine base presented before the return of the Indictment. The United States contends that any false testimony about the weight of the cocaine was immaterial to the charges in the Indictment because those charges would have supported convictions of lesser-included offenses. It also contends that the defendants have not shown that any other testimony presented to the Grand Jury was false.

## **DISCUSSION**

Defendant Lighten's and Goss' joint motion to dismiss the Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(A) alleges "a defect in instituting the prosecution." *Id.* Even when false statements are made in testimony under oath before a Grand Jury, dismissal of an indictment has long been considered an "extraordinary" remedy, rarely invoked. *See e.g., United States v. Lombardozzi,* 491 F.3d 61, 79 (2d Cir. 2007) (post-verdict motion for dismissal); *United States v. Brito*, 907 F.2d 392, 394 (2d Cir. 1990). In *United*

*States v. Brito,* the Second Circuit stated that:

> pursuant to our supervisory power, we may dismiss an indictment for prosecutorial misconduct if the grand jury was misled or misinformed, or possibly if there is 'a history of prosecutorial misconduct, spanning several cases, that is so systematic and pervasive as to raise a substantial and serious question about the fundamental fairness of the process."

907 F.2d at 394 (*quoting Bank of Nova Scotia v. United States,* 487 U.S. 250, 259 (1988)).

The courts' inherent supervisory power over Grand Jury proceedings has been narrowed significantly since *Brito*, however. In *United States v. Williams,* 504 U.S. 36 (1992), the Supreme Court stated:

> We did not hold in *Bank of Nova Scotia*, however, that the courts' supervisory power could be used, not merely as a means of enforcing or vindicating legally compelled standards of prosecutorial conduct before the grand jury, but as a means of prescribing those standards of prosecutorial conduct in the first instance–-just as it may be used as a means of establishing standards of prosecutorial conduct before the courts themselves.... Because the grand jury is an institution separate from the courts, over whose functioning the courts do not preside, we think it clear that, as a general matter at least, no such "supervisory" judicial authority exists....

504 U.S. at 46-47 (ellipses supplied). The Court therefore held in *Williams* that a Grand Jury's indictment may be dismissed only when a prosecutor has violated one of the "few, clear rules which were carefully drafted and

approved by Congress to insure the integrity of the Grand Jury's functions." *Id.* at 46-47 (*quoting United States v. Mechanik*, 475 U.S. at 74) (O'Connor, J., concurring)).

Since the Supreme Court decided *Williams*, prosecutorial misconduct before a Grand Jury authorizing dismissal of a Grand Jury's indictment must ordinarily amount to a violation of a specific Federal Rule of Criminal Procedure, a statute, or a Constitutional guarantee. 504 U.S. at 46 n.6. "The mere fact that evidence presented [to a Grand Jury] itself is unreliable is not sufficient to require a dismissal of the indictment." *Bank of Nova Scotia,* 487 U.S. at 261 (*citing Costello v. United States,* 350 U.S. 359, 363 (1956)). *See also* 487 U.S. *at* 260 (holding that agents' "misleading and inaccurate summaries to the grand jury" provided no ground for dismissal). Special Agent Bongiovanni and the Assistant U.S. Attorney who presented the defendants' case to the Grand Jury may have behaved ineptly in their handling of what seems a simple narcotics case presentation to the Grand Jury and a later run-of-the-mill suppression hearing, but because there is no showing of intentional conduct on either of their parts violating a Federal Rule of Criminal Procedure, a statute, or a Constitutional guarantee during the Grand Jury presentation, the defendants' joint motion to dismiss the Indictment is denied. *United States v. Williams,* 504 U.S. 36, 46-47 (1992).

6

The Court's decision denying defendant Lighten's and defendant Goss' motion to dismiss the Indictment is made in light of the United States Attorney's Office having appeared before the Grand Jury and obtaining a Superseding Indictment well before trial based upon corrected testimony about the net weight of the cocaine base allegedly involved in the defendants' offenses. The Supreme Court stated in *Bank of Nova Scotia*:

> We hold that, as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants.

487 U.S. *at* 254. Here, defendants allege no errors in Grand Jury proceedings that led to the return of the Superseding Indictment. They do not argue that the Grand Jury was tainted by the earlier false testimony. Pursuant to Rule 52 of the Federal Rule of Criminal Procedure, the Court finds that "defects in instituting the prosecution" have been rendered harmless for purposes of the Court's Fed. R. Crim. P. 12(b)(3)(A) analysis by return of the Superseding Indictment. See *Bank of Nova Scotia v. United States,* 487 U.S. 250 (1988). The Court adopts the Report and Recommendation of Magistrate Judge Scott and the defendants' joint motion to dismiss the Indictment is denied.

**CONCLUSION**

For these reasons, and for all the reasons stated in Magistrate Judge Scott's Report and Recommendation, defendant Montu Lighten's and defendant Amanda Goss' joint motion to dismiss the Indictment is denied. The case shall remain before Magistrate Judge Scott for the completion of pretrial proceedings under the Court's prior referral pursuant to 28 U.S.C. § 636(b)(1).

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: November 9, 2012